**WO**                                                                                           KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No. CV 12-505-PHX-GMS (ECV) |
|---|---|---|
| Plaintiff, | ) | No. CR 11-650-PHX-GMS |
| v. | ) | **ORDER** |
| Devon Roy Skeen, | ) | |
| Defendant/Movant. | ) | |

Before the Court is Movant Devon Roy Skeen's *pro se* Motion for Sentence Relief Under the Federal Nonviolent Offender Relief Act of 2003. The Court will deny the motion.

This matter has been opened as a motion to vacate sentence under 28 U.S.C. § 2255. However, Movant's motion does not refer to § 2255. Nor does he refer to any other jurisdictional basis for his motion. Although the Court may construe a *pro se* motion as a § 2255 motion, it may not do so without first giving certain warnings to the movant. In Castro v. United States, 540 U.S. 375, 377 (2003), the Supreme Court held a district court may not recharacterize a motion as a defendant's first § 2255 motion without first warning him that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions and allowing him an opportunity to withdraw or to amend the motion. But even if the Court had provided Movant with the requisite Castro warning, it would not recharacterize this matter as a motion brought under § 2255 because his claim for relief is frivolous.

1  In his motion, Movant seeks relief under a bill (the Federal Bureau of Prisons
2 Nonviolent Offender Relief Act of 2003, H.R. 3575, 108th Cong. (2003)) introduced in
3 Congress to amend 18 U.S.C. § 3624.  That bill was never enacted.  Accordingly, Movant's
4 motion has no arguable basis in fact or in law.

5  **IT IS ORDERED** that Movant's Motion for Sentence Relief Under the Federal
6 Nonviolent Offender Relief Act of 2003 (Doc. 29 in CR 11-650-PHX-GMS) is **denied** and
7 that the civil action opened in connection with this Motion (12-505-PHX-GMS (ECV)) is
8 **dismissed**.  The Clerk of Court must enter judgment accordingly.

9  DATED this 17th day of April, 2012.

/G. Murray Snow
United States District Judge